Swing, J.
In this case, which is a - case for the contest of a will on the ground of undue influence, a verdict sustaining the will was instructed by the court .at the close of the evidence, for the reason, as it appeared to the court at the time, that there was no evidence tending to show that the will in question was induced or caused to be executed as it was through undue influence.
After having read the brief of counsel for the plaintiff and considering the case with care, I am still of the opinion that *210 there is no evidence in the ease tending to show undue influence.
The testatrix, Laura-C. Taylor, deceased, received-the title to the .property involved in the will in this case by will from her husband, Henry W. Taylor. He devised his property to her absolutely; but he wrote a letter addressed to her, which he enclosed' in an envelope with his will, requesting ' her, if she deemed it proper to do so, to devise the .property, part to her own children by a former marriage and part, two-thirds, to his own relatives.
When the will was opened after the death of Henry W. Taylor, this letter was found with it, and was read by -Laura C. Taylor and by her read to her children. She was greatly -disturbed in mind by the request made in the letter and conferred with her children about it, and particularly with Prank IT. Taylor, her son, in whose judgment she had great confidence and in whom she confided in other matters. Prank H. Taylor advised her to carry out the request which her husband had made, as a matter of duty, thinking and telling her that her own mind would be better satisfied by so doing than by disregarding the wish of her husband: Both Prank IT. Taylor and the other children are persons of superior intelligence and fine character.
' In the course of several years she and Frank IT. Taylor had a good deal of correspondence on the subject. She had a strong desire to leave all or most of the property to her children, and she also felt a strong obligation and duty to regard the wish expressed by her husband from whom the property came. Finally a will was written for her by Frank H. Taylor in accordance with the wishes of her husband as expressed in his letter_ a will carefully read and considered and well understood by her, as her letters clearly show.
Mrs. Taylor was a woman of superior intellect, very clear mind, and of delicate conscience. She finally reached the conclusion with the approval of Frank - H. Taylor and without the disapproval, so far as appears, of any- of her other children, to follow her husband’s wish as I have said. She said in one of her letters that if she failed to do so, she would feel it “a stain on her honor. ’ ’ The conflict in her mind between her sense of duty *211 and her desire to leave the property to her children is apparent from all her letters.
Frank H. Taylor himself acted with entire conscientiousness in the matter and against his own interest and the interest of her other children without dissent from any of them. None of her children have made contest of the will. The will itself recites that she read it to her children and executed it with their approval.
The plaintiff, a grandchild, after the lapse of nearly four years from the time of the probate of the will and a few days before his right of action would have been barred by lapse of time, he having been a minor when the will was .admitted to probate, brought this suit to contest the will.
I think it can not be questioned that the husband had .a right to make the request he did in his letter to his wife. Requests as to the disposition of property devised absolutely are often made in wills themselves. They are made by the persons whose property is disposed of by the will. Such persons could dispose of their property as they saw fit in Ohio, but sometimes the testator contents himself with a request not intended to be binding. I do not know of any reason why the testator might not make such a request by letter accompanying the will as well as in the will itself. I think I recall some cases in which the testator after having made his will has before his death verbally requested certain things to be done by his legatees or devisees. I am not able to see that such a request which the testator had a right to make eauld be deemed the exercise of undue influence. I am not able to see the force of such contention.
Laura C. Taylor asked and had a right to ask the advice of her children as to the course that she should pursue. They had a right to give their honest advice. They gave it in this ease against their interests, and the views of her children and especially of Frank H. Taylor, with whom she most conferred, concurred with her own view, notwithstanding the reluctance with which she adopted that view. It was with her a question between her desires towards those for whom she had great natural affection and her sense of duty. She finally decided according *212 to her sense of duty. I can not see that the conclusion could be said in any way to have been contrary to her own free will. She may have been over-conscientious about it. She may have had scruples that would not have appealed to another mind with a conscience less delicate than hers. It appears from the whole correspondence, I think, that the conclusion she reached was more satisfactory to her mind than a contrary conclusion would have been. If she was influenced in reaching that conclusion by her conferences with Frank H. Taylor and her other children and by his or their advice conscientiously given, still that would not seem .to me to be undue influence depriving her of free agency.
• It is true, as urged by counsel for the plaintiff in his brief, that fraud 'is not necessary in all cases to constitute undue influence. But it is said in Redfield on Wills, Vol. 1, p. 510:
“Fraud and undue influence are so nearly synonomous that it will not be important to enter into the distinction or possible distinctions between them, since the result of either must be the same upon the testamentary act.”
It is said in a note on the same page:
“Many of the cases have labored over the distinction between fraud and undue influence. The latter is undoubtedly the more extended term and includes a great number of cases to an almost indefinite extent and affording the means to accomplish its purposes which are not included “in the former, so that while undue influence embraces fraud, fraud by no means embraces every species of undue influence since it is quite supposable one may really exercise a degree of influence over the testaor in producing the testamentary act which upon very just grounds is fairly entitled to be considered extreme and unreasonable either in character or degree without its being really fraudulent; all such things are unquestionably in a general sense to be regarded as undue; but it must be left to the sound discretion of the tryers whether it really had proceeded to the extent of virtually overcoming free agency and so reaching that point which the law denominates as undue in the sense of avoiding a will.”
But in this case no influence was brought to bear by which Frank H. Taylor or any of the children of Laura C. Taylor induced the will in their favor. There is not the slightest trace of *213 anything wrong or selfish in their conduct; it was wholly unselfish and given.with a due regard for their mother’s peace of mind, by which I mean the quietness of her sensitive conscience. It was advice conscientiously given at her request and was1 according to her own conscientious views.
No case has been cited to me and I know of no case in which such advice from child to parent at the parent’s request has been held undue influence. One may think, in considering it, that he might not have given such advice if he had been asked; that he would have been less unselfish; that he would have felt warranted in giving advice that would have been for his own interest rather than against him; but I can not think that such difference of opinion as to whether advice other than- that given might have been warranted in reason or conscience, could be held to tend to prove undue influence.
Usually there is something wrongful implied in the term “undue influence,” something in some degree wrongful. We read in such connection of force, coercion, deceit, misrepresentation, flattery, excessive importunity, the exercise of the will of the strong over the weak, something undue; but whatever may be taken to be the whole meaning of undue influence, I can not think that there could be said to be undue influence where a woman of clear mind and delicate conscience feels an obligation upon one hand to respect the expressed wish of her husband relating to his own blood kin, and on the other hand feels a strong natural desire to benefit her own children of another marriage, and takes the advice of her children and with their advice and approval decides to respect her husband’s wishes.
That Frank H. Taylor and the other children may seem now to have changed their views or feelings about the matter can not affect it. There is some evidence tending to show some change of view or feeling upon their part caused by controversies that have arisen in the administration of the estate; but whether the change of-view or feeling is a result of such controversies or simply of reflection upon their own interests and duties, I do not see that if can aid the contention that there was undue influence in the execution of the will.
The motion for a new trial will therefore be overruled.